FILED

2014 DEC 24  PM 1:56

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMANDA JONES,  )    Case No.: 3:14-cv-1525-J-34MCR
        Plaintiff,  )
vs.  )
ENHANCED RECOVERY COMPANY, LLC,  )
        Defendant.  )

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Amanda Jones, on behalf of herself ("Plaintiff"), by and through her undersigned attorney, alleges against Defendant, Enhanced Recovery Company, LLC ("Defendant") as follows:

### PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §559, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.    Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the in the city of West Carrollton, Montgomery County, State of Ohio, and is a "consumer" as defined by 15 U.S.C. §1692a (3) and Fla. Stat. §559.55(2)

5. Defendant is a corporation doing business in the state of Florida, with a corporate mailing address of 8014 Bayberry Road, Jacksonville, FL 32256, and is a "debt collector" as defined by 15 U.S.C §1692a(6) and Fla. Stat. §559.55(6).

## FACTUAL STATEMENT

6. On March 27, 2014, Plaintiff ran her credit report and saw that two (2) trade lines on same were populated by Defendant.

7. The trade lines in question show that the alleged debt stems from a "Sprint" and separately a "T-Mobile" bill and had outstanding balances of two hundred sixty one dollars ($261.00) and one hundred seventy two dollars ($172.00) respectively.

8. On May 15, 2014, Plaintiff sent two (2) written letters via facsimile to Defendant disputing all alleged debts, inclusive of, but in no way limited to, the two (2) alleged debts currently on Plaintiff's credit report, with Defendant. *See* written letters and facsimile confirmation attached hereto as Exhibit "1."

9. On August 29, 2014, Plaintiff reviewed her credit report again and noticed Defendant had removed the two (2) accounts that were previously populating her credit report, yet added a new trade line with an alleged account due and owing which originated from "11 Time Warner Cable." This newly populated item was not marked as disputed, nor had Defendant provided Plaintiff with any documentation to support the validity of the debt.

10. The newly populated trade line bearing an original creditor delineation of "11 Time Warner Cable" was "opened" with Defendant in April of 2014. *See* redacted version of Plaintiff's credit report ran August 18, 2014 attached hereto as Exhibit "2." Plaintiff's dispute of the reported debt, and request for documentation concerning all accounts held with Defendant was transmitted on May 15, 2014, which post-dates Defendant's "opening" of the account. *See* Exhibit "1".

11. To date, Defendant has furnished no documentation or any other evidence to Plaintiff in order to affirm Defendant's position that this is a valid debt. Defendant has failed to mark the newly populated trade line as one in "dispute." Plaintiff maintains her position that the debt is in dispute.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. §1692(e)(8)

12. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

13. On March 27, 2014, Plaintiff ran her credit report and saw that two (2) trade lines on same were populated by Defendant.

14. The trade lines in question showed that the alleged debts stem from a "Sprint" and "T-Mobile" bill and had outstanding balances of two hundred sixty one dollars ($261.00) and one hundred seventy two dollars ($172.00) respectively.

15. On May 15, 2014, Plaintiff sent two (2) written letters via facsimile to Defendant disputing all alleged debts, inclusive of but not limited to the two (2) alleged debts currently on Plaintiff's credit report, with Defendant. *See* written letters and facsimile confirmation attached hereto as Exhibit "1."

16. On August 29, 2014, Plaintiff reviewed her credit report again and noticed Defendant had removed the two (2) accounts that were previously populating her credit report, yet added a new trade line with an alleged account due and owing that originated from "11 Time Warner Cable." This newly populated item was not marked as disputed, nor had Defendant provided Plaintiff with any documentation to support the validity of said debt.

17. The newly populated trade line bearing an original creditor delineation of "11 Time Warner Cable" was "opened" with Defendant in April of 2014. *See* Exhibit "2". Plaintiff's dispute of, and request for documentation concerning all accounts held with Defendant was transmitted on May 15, 2014, which post-dates the Defendant's "opening" of the account. *See* Exhibit "1".

18. To date, Defendant has furnished no documentation, or any other evidence, to Plaintiff in order to affirm Defendant's position that this is a valid debt. Defendant has failed to mark the newly populated trade line as in "dispute." Plaintiff maintains her position that the debt is in dispute.

19. Defendant was put on effective notice that the alleged debt due and owing was disputed by Plaintiff. Defendant failed to mark the account as disputed on Plaintiff's credit report and further failed to take any proactive steps to provide evidence that the debt is valid.

20. Defendant's failures are in direct contravention of 15 U.S.C. §1692(e)(11), wherein it is a violation of federal law to fail to communicate that an alleged debt is disputed.

21. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Amanda Jones, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff, as follows:

A. That an order be entered declaring Defendant's actions, as described above, to be in violation of the FDCPA;

B. That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

C. That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and

E. That the Court grant such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLA. STAT. § 559.72(6)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

23. On March 27, 2014, Plaintiff ran her credit report and saw that two (2) trade lines on same were populated by Defendant.

24. The trade lines in question advise that the alleged debts stem from a "Sprint" and "T-Mobile" bill and had outstanding balances of two hundred sixty one dollars ($261.00) and one hundred seventy two dollars ($172.00) respectively.

25. On May 15, 2014, Plaintiff sent two (2) written letters via facsimile to Defendant disputing all alleged debts, inclusive of but not limited to the two (2) alleged debts currently on Plaintiff's credit report, with Defendant. *See* Exhibit "1".

26. On August 29, 2014, Plaintiff reviewed her credit report again and noticed Defendant had removed the two (2) accounts that were previously populating her credit report,

yet added a new trade line with an alleged account due and owing which originated from "11 Time Warner Cable." *See* Exhibit "2". This newly populated item was not marked as disputed, nor had Defendant provided Plaintiff with any documentation to support the validity of the debt.

27. The newly populated trade line bearing an original creditor delineation of "11 Time Warner Cable" was "opened" with Defendant in April of 2014. Plaintiff's dispute of, and request for documentation concerning all accounts held with Defendant was transmitted on May 15, 2014, which post-dates the Defendant's "opening" of the account. *See* Exhibit "2".

28. To date, Defendant has furnished no documentation, or any other evidence, to Plaintiff in order to affirm Defendant's position that this is a valid debt. Defendant has failed to mark the newly populated trade line as one in "dispute." Plaintiff maintains her position that the debt is in dispute.

29. Defendant has been put on effective notice that Plaintiff disputes the debt due that Defendant is claiming is due and owing.

30. Defendant failed to mark the account as disputed on Plaintiff's credit report and further failed to take any proactive steps to provide evidence that the debt is valid.

31. Defendant's failures are in direct contravention of Fla. Stat. §559.72(6), wherein it is a violation of state law to fail to communicate that an alleged debt is disputed.

32. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Amanda Jones, requests that this Court enter judgment against Defendant, and in favor of Plaintiff as follows:

> A. That an order be entered declaring Defendant's actions, as described above, in violation of the FCCPA;

6

B. That judgment be entered against Defendant for actual damages, pursuant to Fla. Stat. §559.77(2);

C. That judgment be entered against the Defendant for statutory damages, pursuant to Fla. Stat. §559.77(2);

D. That the Court award costs and reasonable attorneys' fees, pursuant to Fla. Stat. §559.77(2);

E. That the Court grant such other and further relief as may be just and proper

Dated this 22nd day of December, 2014

Respectfully Submitted,

Jason Weiss, Esq.
Weiss Law Group, P.A.
Florida Bar # 356890
5531 N. University Dr., Suite 103
Coral Springs, FL 33067
Telephone: 954-573-2800
Email: Jason@jswlawyer.com

On Behalf of:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: david@lupoloverlaw.com